HON. DAVID W. CHRISTEL

1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                   AT TACOMA

9    TWIN HARBORS WATERKEEPER,        )
                                       )     Case No. 3:20-cv-06218-DWC
10              Plaintiff,             )
         v.                            )     CONSENT DECREE
11                                     )
     BAYVIEW REDI-MIX, INC.,           )
12                                     )
                Defendant.             )
13   _____  )
                                       )
14

15

16                    **I.  STIPULATIONS**

17        Plaintiff Twin Harbors Waterkeeper ("Twin Harbors") sent a sixty-day notice of intent to

18   sue letter to Defendant Bayview Redi-Mix, Inc. ("Bayview") on or about September 8, 2020, and

19   filed a complaint on December 16, 2020, alleging violations of the Clean Water Act, 33 U.S.C. §

20   1251 *et seq*., relating to discharges of stormwater from Bayview's facility in Aberdeen, Washington

21   and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

22        Twin Harbors and Bayview agree that settlement of these matters is in the best interest of

23

SMITH & LOWNEY, PLLC
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

Twin Harbors and Bayview stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Twin Harbors' claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 16 day of February, 2022

CASCADIA LAW GROUP PLLC                    SMITH & LOWNEY, PLLC


By _____                By  s/ Meredith Crafton
Tisha Pagalilauan, WSBA #28217             Richard A. Smith, WSBA #21788
Meghan E. Gavin, WSBA #50124               Meredith Crafton, WSBA #46558
Attorneys for Defendant                    Savannah Rose, WSBA #57062
Bayview Redi-Mix, Inc.                     Attorneys for Plaintiff
                                           Twin Harbors Waterkeeper

BAYVIEW REDI-MIX, INC.                     TWIN HARBORS WATERKEEPER


By _____                By _____
   Marvin Prince                              Sue Joerger
   Owner of Bayview Redi-Mix, Inc.            Executive Director, Twin Harbors Waterkeeper

CONSENT DECREE
Case No. 3:20-cv-06218-DWC
2

1
2
## II.  ORDER AND DECREE

3      THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent

4   Decree and the foregoing Stipulations of the parties.  Having considered the Stipulations and the

5   promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

6      1.      This Court has jurisdiction over the parties and subject matter of this action.

7      2.      Each signatory for the parties certifies for that party that he or she is authorized to

8   enter into the agreement set forth herein.

9      3.      This Consent Decree applies to and binds the parties and their successors and

10   assigns.

11      4.      This Consent Decree and any injunctive relief ordered within applies to the

12   operation, oversight, or both by Bayview of its facility at or about 100 Hagara Road, Aberdeen,

13   WA 98520 (the "Facility"), which is subject to National Pollutant Discharge Elimination

14   System Permit No. WAG501063 (the "NPDES permit").

15      5.      This Consent Decree is a full and complete settlement and release of all the claims

16   in the complaint and the sixty-day notice.  These claims are released and dismissed with prejudice.

17      6.      This Consent Decree is a settlement of disputed facts and law.  It is not an admission

18   or adjudication regarding any allegations by Twin Harbors in this case or of any fact or conclusion

19   of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of

20   Bayview.

21      7.      Bayview agrees to the following terms and conditions in full and complete

22   satisfaction of all the claims covered by this decree:

23

CONSENT DECREE
Case No. 3:20-cv-06218-DWC
3

a.      Bayview will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAG501063 and any successor, modified, or replacement permit authorizing discharges of stormwater and/or process water associated with sand and gravel activities from the Facility.

b.      For a period of three (3) years after the entry of this Consent Decree, Bayview will, on a quarterly basis, electronically forward to Twin Harbors copies of all communications to and/or from Ecology, except for DMRs which are readily available to the public via Washington Department of Ecology's website PARIS, related to its NPDES permit, stormwater, or process water discharges from the Facility.

c.      Bayview will continue to keep the back gate in the southeast corner of the Facility closed to all vehicles to minimize trackout unless and until Bayview installs a wheel wash per paragraph 7(d), which would then allow Bayview to make use of the back gate in the southeast corner of the facility. Trackout is defined as the transportation or deposition of sediment or other solid material by vehicles or equipment onto paved roads outside the facility.

d.      Bayview will continue to hose off the tires of all vehicles that enter and exit the unpaved portions of the east side of the facility before they come back on the paved area of the Facility to minimize trackout.  If trackout is visible after the entry of this Consent Decree, Bayview will install a wheel wash within thirty (30) days of the observation of the visible trackout.  Upon installation, the wheel wash will be used for all vehicles that leave the paved portions of the Facility before they exit the Facility.

CONSENT DECREE
Case No. 3:20-cv-06218-DWC
4

e.      Bayview must maintain the site boundaries and ecology block walls to prevent stormwater from flowing off the site and continue to direct all water for treatment or infiltration.

f.      Bayview must complete the site improvements proposed in the November 10, 2021 Maul Foster Alongi Memorandum, attached as Exhibit 1, by March 31, 2022.

g.      Bayview must sample groundwater at Bayview's sampling point G001 if it overflows the catch basin into the aggregate and report the results on its DMRs, in accordance with its NPDES permit.

h.      Bayview will continue working with Maul Foster Alongi for the installation of its site improvements.  If Bayview decides to change or add to its stormwater/process water consultant team, Bayview will notify Twin Harbors within fourteen (14) days and explain the bases for any such change.

i.      Maul Foster Alongi will provide oversight and final approval.  Bayview will provide Twin Harbors with a copy of Maul Foster Alongi's final approval within fourteen (14) days of receipt.

j.      Beginning immediately after the completion of the site improvements proposed in Exhibit 1 (November 2021 Maul Foster Alongi Memorandum) Bayview will increase sampling and analysis at sample point S001. Bayview will collect at least nine (9) samples at sample point S001 to include at least three (3) samples per month from each designated monitoring point, if sufficient flow occurs for at least three months or until it reaches a total of nine (9) samples.  Samples required by this paragraph must

CONSENT DECREE
Case No. 3:20-cv-06218-DWC
5

be collected no less than five (5) days apart.  If sufficient flow does not occur at the sample point in each month, Bayview will sample and analyze the stormwater runoff from the first rain event which provides sufficient flow. Bayview will collect samples at G001 and S002 quarterly upon discharge as required by its NPDES permit. Bayview will provide the sample results to Twin Harbors within fourteen (14) days after receiving the results. After collecting nine samples Bayview may revert to the sampling requirements in its NPDES permit.

k.      If in the time Bayview is conducting increased sampling outlined above in Paragraph J, following Bayview's installation of the site improvements proposed in Exhibit 1 (November 2021 Maul Foster Alongi Memorandum), Bayview has had more than two (2) effluent limit exceedances, Bayview must install and begin using the chemical treatment or pressure sand filtration as proposed in Exhibit 1 (November 2021 Maul Foster Alongi Memorandum) by September 1, 2022.  Beginning one month after the completion of the additional treatment and continuing for three (3) months, Bayview will increase sampling and analysis at Bayview sampling location S001. Bayview will collect at least three (3) samples per month from Bayview sampling location S001, if sufficient flow occurs.  Samples required by this paragraph must be collected no less than five (5) days apart.  If sufficient flow does not occur at Bayview's sampling location S001 in each month, Bayview will sample and analyze the stormwater runoff from the first rain event which provides sufficient flow.  Bayview will provide the sample results to Twin Harbors within fourteen (14) days after receiving the results.  At

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1    the end of the three (3) months, Bayview may revert to the sampling requirements in its

2    NPDES permit.

3           l.       Beginning immediately after the entry of this Consent Decree, Bayview

4    will add monitoring point S002 to its DMRs and begin sampling this monitoring point.

5           8.       Within ten (10) days of entry of this Consent Decree, Bayview will pay $92,920

6    (NINETY TWO THOUSAND NINE HUNDRED AND TWENTY DOLLARS) to The

7    Confederated Tribes of the Chehalis Reservation for projects to address impairments to, and

8    contribute to the improvement of, the water and/or sediment quality of Grays Harbor, as described

9    in Exhibit 2 to this Consent Decree.  The checks will be made to the order of Chehalis Tribe and

10   delivered to: Chehalis Tribe, Attn: Colleen Parrott DNR, PO Box 536, Oakville, WA 98568.

11   Payment will include the following reference in a cover letter or on the check: "Consent Decree,

12   Twin Harbors Waterkeeper v. Bayview Redi-Mix, Inc., W.D. Wash. No. 3:20-cv-06218-DWC."  A

13   copy of the checks and cover letters, if any, will be sent simultaneously to Twin Harbors and its

14   counsel.

15          9.       Within ten (10) days of entry of this Consent Decree by the Court, Bayview will

16   pay $51,000 (FIFTY-ONE THOUSAND DOLLARS) dollars to cover Twin Harbors' litigation

17   fees, expenses, and costs (including reasonable attorney and expert witness fees) by check

18   payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn:

19   Richard Smith. Bayview's payment will be in full and complete satisfaction of any claims Twin

20   Harbors has or may have, either legal or equitable, and of any kind or nature whatsoever, for

21   fees, expenses, and costs incurred in the Litigation.

22

23

CONSENT DECREE
Case No. 3:20-cv-06218-DWC
7

11.     A force majeure event is any event outside the reasonable control of Bayview that causes a delay in performing tasks required by this decree that cannot be cured by due diligence.  Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Bayview timely notifies Twin Harbors of the event; the steps that Bayview will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

12.     Bayview will notify Twin Harbors of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Bayview becomes aware of the event.  In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include:

a.     Acts of God, war, insurrection, or civil disturbance;

b.     Earthquakes, landslides, fire, catastrophic flooding;

c.     Actions or inactions of third parties over which defendant has no control including, but not limited to, supply chain delays and extended construction equipment or material lead times;

d.     Unusually adverse weather conditions;

e.     Restraint by court order or order of public authority;

f.     Strikes;

g.     Any permit or other approval sought by Bayview by a government authority

CONSENT DECREE
Case No. 3:20-cv-06218-DWC
8

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Bayview has timely and in good faith sought the permit or approval; and

h.      Litigation, arbitration, or mediation that causes delay.

13.     This Court retains jurisdiction over this matter.  And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this Consent Decree.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute.  Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record.  If no resolution is reached at that meeting or within thirty (30) days of the Notice, either party may file a motion with this Court to resolve the dispute.  The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

14.     The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA.  Therefore, upon the filing of this Consent Decree by the parties, Twin Harbors will serve copies of it upon the Administrator of the U.S. EPA and the

CONSENT DECREE
Case No. 3:20-cv-06218-DWC
9

1  Attorney General.

2        15.    This Consent Decree will take effect upon entry by this Court.  It terminates three

3  (3) years after that date, or upon completion of all obligations imposed by Section 7(k) of this

4  Consent Decree, whichever is later.

5        16.    Both parties have participated in drafting this Consent Decree.

6        17.    This Consent Decree may be modified only upon the approval of the Court.

7        18.    If for any reason the Court should decline to approve this Consent Decree in the

8  form presented, this Consent Decree is voidable at the discretion of either party.  The parties agree

9  to continue negotiations in good faith to cure any objection raised by the Court to entry of this

10 Consent Decree.

11       19.    Notifications required by this Consent Decree must be in writing.  The sending party

12 may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified

13 mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized

14 overnight courier, with all fees prepaid; or (4) email.  For a notice or other communication regarding

15 this decree to be valid, it must be delivered to the receiving party at the one or more addresses listed

16 below or to any other address designated by the receiving party in a notice in accordance with this

17 paragraph 19.

18     **If to Twin Harbors**:

19     Lee First
    Sue Joerger
20     Twin Harbors Waterkeeper
    P.O. Box 751
21     Cosmopolis, WA 98537
    Email: sue@twinharborswaterkeeper.org, leefrider7@gmail.com

22

23

CONSENT DECREE
Case No. 3:20-cv-06218-DWC
10

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1

2    **And to**:

3    Richard A. Smith
     Meredith Crafton
     Savannah Rose
4    Smith & Lowney PLLC
     2317 East John St.
5    Seattle, WA   98112
     Email: richard@smithandlowney.com, meredith@smithandlowney.com,
6    savannah@smithandlowney.com

7    **If to Bayview:**

8    Marvin Prince
     Bayview Redi-Mix
9    PO Box 165
     Aberdeen, WA 98520
10   Email: marvin@bayviewredimix.com

11   **And to:**

12   Tisha Pagalilauan
     Meghan E. Gavin
13   Cascadia Law Group PLLC
     1201 Third Avenue, Suite 320
14   Seattle, WA 98101
     Email: tpagalilauan@cascadialaw.com, mgavin@cascadialaw.com

15

16       A notice or other communication regarding this Consent Decree will be effective when

17   received unless the notice or other communication is received after 5:00 p.m. on a business day, or

18   on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next

19   business day.  A notice or other communication will be deemed to have been received: (a) if it is

20   delivered in person or sent by registered or certified mail or by nationally recognized overnight

21   courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party

22   rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address

23   for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for

CONSENT DECREE
Case No. 3:20-cv-06218-DWC
11

1   notice provided by e-mail, upon receipt of a response by the party providing notice or other

2   communication regarding this Consent Decree.

3           DATED this 21st day of April, 2022.

4

5                                                   _____
                                                    David W. Christel
6                                                   United States Magistrate Judge

7   Presented by:

8   CASCADIA LAW GROUP PLLC                         SMITH & LOWNEY PLLC

9
    By: _s/Tisha Pagalilauan_                       By: _s/ Meredith Crafton_
10  Tisha Pagalilauan, WSBA #28217                  Richard A. Smith, WSBA #21788
    Meghan E. Gavin, WSBA #50124                    Meredith Crafton, WSBA #46558
11  Attorneys for Defendant                         Savannah Rose, WSBA #57062
    Bayview Redi-Mix, Inc.                          Attorneys for Plaintiff
12                                                  Twin Harbors Waterkeeper

13

14

15

16

17

18

19

20

21

22

23

    CONSENT DECREE                                  SMITH & LOWNEY, PLLC
    Case No. 3:20-cv-06218-DWC                      2317 EAST JOHN ST.
    12                                              SEATTLE, WASHINGTON 98112
                                                    (206) 860-2883